LOUISA D. HAILE, RESPONDENT, *v.* ELRIC L. NICHOLS AND JOHN W. LYNDE, APPELLANTS, IMPLEADED WITH OTHERS.

*Grantee assuming mortgage — estopped from disputing its validity.*

This action was brought to foreclose a mortgage, dated January 2, 1865, executed by S. W. Gregory to Noyes P. Gregory, and by the latter assigned to the plaintiff. After the assignment, the mortgagor conveyed the premises covered by it, by a deed containing covenants of warranty, " except as against the five certain mortgages upon the above premises, mentioned and described in a certain agreement." By this agreement the grantees agreed to pay " the amounts remaining unpaid upon the following mortgages:  *  *  *  A mortgage executed by Silas W. Gregory to Noyes P. Gregory, dated on or about the 2d of January, 1865, now owned by Louisa D. Haile," and an additional mortgage collateral thereto. The defense was that the mortgage had been paid before its assignment to plaintiff.

*Held,* that by the deed and agreement the grantees were estopped from denying the existence and validity of the mortgage.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mortgage executed by the defendant Silas W. Gregory to Noyes P. Gregory, dated 2d January, 1865, conditioned to pay the sum of $5,000 in ten years from date, with semi-annual interest. On the 28th of May, 1875,

Noyes P. Gregory assigned and transferred the mortgage and the accompanying bond to the plaintiff. On the 13th August, 1875, Silas W. Gregory, the mortgagor, conveyed the mortgaged premises to the defendants Elric L. Nichols and John W. Lynde, the present appellants, with covenant of warranty, "except as against the five certain mortgages upon the above premises, mentioned and described in a certain agreement bearing even date herewith." This was an agreement (exhibit number four), by which Nichols and Lynde agree to pay " the amounts remaining unpaid upon the following mortgages: * * * 3d. A mortgage executed by Silas W. Gregory to Noyes P. Gregory, dated on or about the 2d of January, 1865, now owned by Mrs. Louisa D. Haile. 4th. A mortgage lately executed by said Silas W. Gregory to said Louisa D. Haile, on additional property, and which she holds as collateral to the above-mentioned mortgage of January 2, 1865." The above mortgage of 2d January, 1865, is the one in suit, and its payment by Nichols and Lynde was a part of the consideration of the conveyance to them of the mortgaged premises.

The answer contains four counts. The first count admits the execution of the bond and mortgage, but alleges that they were given to secure the payment by the mortgagor of the debts of N. P. Gregory & Son. That the mortgagor has paid such indebtedness in full, and became entitled to a surrender of the bond and mortgage, of which the plaintiff had knowledge at the time of the assignment to her. The second count alleges that the mortgagee, Noyes P. Gregory, was not of sound mind at the time of the assignment to plaintiff. The third count alleges payment in full before the assignment to plaintiff. The fourth count alleges that the plaintiff, with knowledge that the bond and mortgage had been paid, took the assignment in order to enable the mortgagor to cover his property, and compel Nichols and Lynde to pay the indebtedness of S. W. Gregory & Co. (of which firm the three were members), with an agreement that she would collect the mortgage for the benefit of the mortgagor, and with intent to cheat and defraud the defendants Nichols and Lynde.

The referee found in favor of the plaintiff for the whole amount claimed in the complaint, and directed that the defendants Nichols

and Lynde pay any deficiency that might arise on the sale. Judgment was entered November 27, 1877, for $9,957.55 damages and costs. From this judgment the defendants Nichols and Lynde have appealed. Upon the trial, a statement made by the plaintiff to one Field, in Vermont, was offered by defendant to show that the mortgage was paid and satisfied before its assignment to plaintiff, and that she had knowledge of that fact. The circumstances under which it was procured are referred to in the opinion of LEARNED, P. J.

*Beckwith & Reilly* for the appellants.

*Palmer, Weed & Smith,* for the respondent.

BOARDMAN, J.:

The referee has found that the bond and mortgage have not been paid in whole or in part. The weight of evidence sustains such finding. Indeed, the evidence of payment relied upon by defendants consists of the statement made by the plaintiff to Mr. Field, in Vermont. That statement is confused, inconsistent, and, to some extent, unintelligible. The manner in which it was obtained detracts materially from its value as testimony. The explanations given by plaintiff of the testimony therein contained still further tends to destroy its force and effect. So that the referee was right in discrediting that statement, so far as it tends to establish a satisfaction of the bond and mortgage, if it can be said to have any such tendency. There is no evidence of an actual payment of any sum whatever upon this bond and mortgage. So far as defendants were concerned, it was wholly unpaid, principal and interest. They were, in effect, advised of that fact. By exhibit number four they assumed and agreed to pay the amounts remaining unpaid upon the mortgage in suit, and also a mortgage then lately executed on other property as collateral thereto. A reference to the latter mortgage, or its record, would have shown defendants the extent of their liability, and they must, therefore, have contracted with reference thereto. Property was put into the hands of defendants to enable them to make such payment, and they cannot now resist such payment on any speculative theories of the rights of Gregory, their grantor. Nor are the defend-

ants, in my judgment, so situated that they can attack the consideration or validity of the mortgage in suit in plaintiff's hands, except so far as it has been actually paid to her or her assignor. When Silas W. Gregory transferred to defendants $40,000, and the defendants, in consideration thereof, assumed and agreed to pay this mortgage, they were estopped from denying their liability. They have been furnished with money, or its equivalent, with which to pay. It is part of the purchase-price of the property conveyed to them. It is not material whether S. W. Gregory owed the plaintiff. He could have provided for its payment to any third person or a bank, and the defendants could not have resisted its payment, because Gregory did not owe the individual or the bank. It is defendants' own debt, and they are called upon to pay, and it is enough for them that they are protected in paying it in pursuance of their agreement. (18 Alb. Law Jour., 303, and cases there cited.) It is very like the case of a purchaser of real estate, subject to a usurious mortgage, which he agrees to pay. Though such mortgage is void as between the original parties, the purchaser cannot defend on that ground. (*Hartley* v. *Harrison*, 24 N. Y., 170.) The land in the hands of a purchaser becomes the primary fund for the payment of the debt. In the case at bar, the amount assumed is made definite and certain by the collateral mortgage described in exhibit number four, signed by the parties. There were no errors in the admission of evidence, or in the refusals to find as requested. The plaintiff was properly allowed to explain the facts in relation to her examination by Field, and the respects in which the same was erroneous. It was also proper to show by Mrs. Thayer the conduct and words of Field, from which unfairness and imposition might be imputed to Field in procuring plaintiff's statement. It affected the reliability as well as the trustworthiness of the statement as reduced to writing by Field. From what has been already said, it is apparent the requests for findings made by defendants were properly denied. Besides, there is no satisfactory evidence that the mortgage and bond were ever delivered by Noyes P. Gregory to Silas W. Gregory, with the purpose of satisfying or discharging the same, or that plaintiff knew of any such act when assignment to her was made. The bond and mortgage were assigned to her for a good

and valuable consideration. Whether that was paid or not, is of no consequence to the defendants. There are no other points worthy of special notice.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

LEARNED, P. J. :

I agree with the opinion of my brother BOARDMAN ; and I think that the case should not pass without a rebuke of the manner in which the defendants, or some of them, obtained a statement from the plaintiff. It appears that, at the urgent request of the defendant Lynde, one Henry K. Field, a justice of the peace, and an attorney in the State of Vermont, went to see the plaintiff then in that State. It is evident that he made her understand that he came at the request of Mr. Palmer, her own counsel. He says that he did not tell her so ; but his own testimony shows that he did say to her things which made her believe, and were intended to make her believe, that he was acting for Mr. Palmer and on her behalf. The counsel for the defendants, in their points, insist that she did so believe. They say that her statement then made, " was for Judge PALMER. It was to establish her rights in the suit, as she supposed." Field told her that he was a magistrate, and that he had called to take her deposition; and he administered an oath. He told her " that counsel were very much surprised that she had left Plattsburgh so very unexpectedly and without their knowledge," thus evidently giving her to understand that he meant her own counsel. He asked if Judge PALMER had written to her, and said he understood that Judge PALMER had written to her. This was deception upon his own statement. If the plaintiff's testimony given on the trial is correct, actual falsehoods were uttered by him to deceive her, and threats of compulsion to make her testify. This conduct was wrong. The plaintiff was properly allowed by the referee to explain the truth in regard to statements thus obtained from her by a trick, under guise of a legal proceeding.

It should be said, in justice to the defendants' attorneys and counsel, that nothing appears to connect them, in the least, with the deceit practiced on the plaintiff.

Judgment affirmed, with costs.